Mathews, J.
delivered the opinion of the This action was instituted in the court of probates of the parish of Feliciana, 011 the part of Mrs. Bryan, to obtain a parti-^on °f the estate of Moore, her former husband, of which she claims one half as heir. The capacity in which she may be entitled to P»r« »f A® property left by her former, husband, at his decease, is clearly mistaken the petition for partition. But, as the parties have proceeded in the investigation of their rights, with reference to the true capacity in which she ought to have alleged her claim, it is considered by this court, that it would be unjust now to dismiss the suit, especially as this exception has never been made in any stage of the pleadings, and as the mistake in the allegation may be waved or cured by the evidence in the case, according,to the 10th law of the 17 th tit. and 4th book of the Novissima Recopilacion, already recognised in the case of Canfield & al. vs. M'Laughlin.
The heirs of Móore being dissatisfied with the judgment of the court of probates, took the cause up by appeal to1 the district court, *27 wherein the judgment was reversed; and Bryan and wife being, in turn, dissatisfied with the judgment of the latter court, appealed.
To supply a statement of facts, we are by consent of parties, referred to the facts assumed by the judge of the probate court, in the opinion by him pronounced, and to the testimony of J. Gray, which comes up with the record. From these sources of information, we discover that Moore intermarried with the plaintiff in the Mississippi territory ; that they both had, at the time of said marriage, property, consisting principally of slaves; that thethusband had more than the wife; that they purchased a landed estate in the state of Louisiana, and removed to it; which they afterwards sold, and bought another; which was also sold; that Moore died out of this state; but that all the property, the half of which is now claimed by the ap-pellees, as belonging to the community of ac-quets and gains, according to the provisions of our laws, is found within the jurisdiction of this state.
Every marriage, according to our laws, su-perinduces, of right, partnership, or community of acquets and gains. Civil Code, 336, *28 arft 63. And at the time of the dissolution of the marriage, all effects which both husband -, .« . ,, , and wife reciprocally possess, are presumed , • , ,i ,• /* common acquets or gains, unless they satislac-torily prove which of said effects they brought in marriage, or have been given them separately, or they have respectively inherited. Id. art. 67.
The whole estate, of which a partition is claimed by the present suit, being within the jurisdiction of the state of Louisiana, must be distributed as directed by its laws, unless the evidence shew clearly that the court ought to give effect to the laws of Some other state, and unless that law be proven, as foreign laws are required to be, and establishes rules different on the subject from the lex fori. There is not a fact established (except the marriage of Moore, and the plaintiff having taken place in the Mississippi territory) which has the least tendency to impede a full operation of our laws on the case. But we are not able to perceive, in what manner this circumstance can change the situation of the parties, in relation to property acquired in this state, and found on the dissolution of the marriage, still under the control of its laws. *29 There is nothing in the evidence which proves, that any of the effects which were possessed by the husband and wdfe, are the separate property of either, as having been brought in marriage, or acquired by a particular title, which would exclude them from the community of gains. In a word, there is nothing in the whole case, which can take it from the government of the law of this state; according to which, it is evident, that the whole estate must be considered as common property of the husband and wife, and distributed accordingly.
Eustis and Colt for the plaintiffs, Duncan for the defendants.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the cause be remanded, with directions to the judge of probates to proceed to a partition of the estate, according to the laws of this state, and that the appellees pay the costs in the district court and the costs of this appeal.